```
                    IN THE UNITED STATES DISTRICT COURT
                    FOR THE NORTHERN DISTRICT OF TEXAS
                             DALLAS DIVISION

DAN R. WALLER, RECEIVER,         §
                                 §
                   Plaintiff,    §
                                 § Civil Action No. 3:07-CV-0491-D
VS.                              §
                                 §
DB3 HOLDINGS, INC., et al.,      §
                                 §
                   Defendants.   §
```

## MEMORANDUM OPINION AND ORDER

Defendants DB3 Holdings, Inc., Skiles Partners, L.P., and Daniel A. Breen, III move to dismiss plaintiff's claims under Fed. R. Civ. P. 12(b)(6). The court denies the motion.[1]

Defendants contend, first, that plaintiff Dan R. Waller ("Waller"), a court-appointed receiver, lacks capacity to sue on behalf of Rhomi Partners, L.P. ("Rhomi"). Under Rule 17(b)(2), "the capacity of a receiver appointed by a court of the United States to sue or be sued in a court of the United States is governed by Title 28, U.S.C., Sections 754 and 959(a)." 28 U.S.C. § 754 provides that "[a] receiver appointed in any civil action . . . shall have capacity to sue in any district without ancillary appointment . . . ." Defendants acknowledge this provision in

---

[1] Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[ ] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

their motion, but they maintain—without explanation—that it does not apply.[2] Because defendants have failed to demonstrate why Waller does not have capacity to sue under § 754 as a court-appointed receiver, the court rejects this ground of their motion.

Defendants posit, second, that Waller fails to state a claim on which relief can be granted. In deciding a motion to dismiss for failure to state a claim, the court considers only documents attached to or incorporated in the complaint and matters of which judicial notice may be taken. *See, e.g., Willard v. Humane HealthPlan of Tex., Inc.*, 336 F.3d 375, 379 (5th Cir. 2003).[3] In support of this ground of their motion, defendants rely on agreements that do not appear on the face of Waller's complaint and are not incorporated by reference. The court cannot grant their motion to dismiss based on these documents.

Defendants also rely on Waller's alleged failure to plead acts of willful misconduct that posed an extreme risk of harm,

---

[2]Defendants maintain for the first time in their reply brief that Waller lacks standing because, in essence, the scope of his receivership does not extend to these claims. The court will not consider new arguments raised in defendants' reply brief. *See, e.g., Senior Unsecured Creditors' Comm. of First RepublicBank Corp. v. FDIC*, 749 F. Supp. 758, 772 (N.D. Tex. 1990) (Fitzwater, J.).

[3]There is also an exception for undisputably authentic documents that a defendant attaches as an exhibit to a motion to dismiss. *See Columbia Hosp. at Med. City Dallas Sub., L.P. v. Legend Asset Mgmt. Corp.*, 2004 WL 769253, at *3 (N.D. Tex. Apr. 9, 2004) (Fish, C. J.) (citing *Brock v. Baskin-Robbins USA Co.*, 113 F.Supp.2d 1078, 1092 (E.D. Tex. 2000)). This exception does not apply to defendants' motion because the authenticity of defendants' exhibits is disputed. [See Resp. 5]

contending that this is necessary to state claims for breach of fiduciary duty, gross negligence, and/or exemplary damages [Br. 9, 11, 12(incorporating 9 and 11 by reference)]. The court denies defendants' motion in this respect, concluding that Waller has adequately alleged that defendants knowingly and intentionally dissipated Rhomi assets. *See* Compl. ¶¶ 18-19.

\* \* \*

Accordingly, defendants' May 21, 2007 motion to dismiss is denied.

**SO ORDERED.**

November 6, 2007.

_____
SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE