IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| DAN R. WALLER, RECEIVER, § | |
| § | |
| Plaintiff- § | |
| counterdefendant, § | |
| § Civil Action No. 3:07-CV-0491-D | |
| VS. § | |
| § | |
| DB3 HOLDINGS, INC., et al., § | |
| § | |
| Defendants- § | |
| counterdefendants- § | |
| third-party plaintiffs, § | |
| § | |
| VS. § | |
| § | |
| J. ROBERT DOBBINS, et al., § | |
| § | |
| Third-party defendants. § | |

MEMORANDUM OPINION
AND ORDER

In this action by a court-appointed receiver to recover for the alleged mis-allocation of a limited partnership's expenses to the capital account of one of its limited partners, defendants move for partial summary judgment. Concluding that they are not entitled to this relief, the court denies the motion.[1]

---

[1] Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[ ] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

I

This case is the subject of two prior opinions, *Waller v. DB3 Holdings, Inc.*, 2008 WL 373155 (N.D. Tex. Feb. 12, 2008) (Fitzwater, C.J.); *Waller v. DB3 Holdings, Inc.*, 2007 WL 3287328 (N.D. Tex. Nov. 6, 2007) (Fitzwater, J.). The court need therefore only briefly summarize the pertinent background facts.

Plaintiff Dan R. Waller ("Waller"), a court-appointed receiver, brings this lawsuit on behalf of Rhomi Partners, L.P. ("Rhomi"), which was a limited partner in Skiles Partners, L.P. ("Skiles"). Skiles is controlled by defendants DB3 Holdings, Inc. ("DB3") and Daniel A. Breen, III ("Breen"). Waller alleges that defendants mis-allocated Skiles's expenses to Rhomi's capital account, in violation of both the Skiles limited partnership agreement ("Skiles LPA") and a freeze order entered in *SEC v. Dobbins,* No. 3:04-CV-605-H (N.D. Tex. filed Mar. 23, 2004) (Sanders, J.) ("*SEC Action*"). He asserts claims for breach of contract, breach of fiduciary duty, conversion, civil conspiracy to breach fiduciary duty, gross negligence, constructive trust, and exemplary damages. Defendants move for summary judgment.[2]

---

[2]On April 29, 2008 Waller filed objections to defendants' summary judgment evidence. Because, despite the evidence on which defendants' rely, the court is denying their motion, the court overrules the objections as moot.

II

A

Defendants maintain that this court's order appointing Waller as receiver did not give him the authority to pursue this lawsuit. The court disagrees. Judge Sanders conferred on Waller the "exclusive custody, possession, and control" over Rhomi's interest in Skiles. *SEC Action,* July 12, 2005 order. This included the "full power to take such steps as [he] deems necessary to secure [the interest]," and more specifically, the power to "institute . . . actions in state or federal court as [Waller] may, in [his] sole discretion, [find] advisable or proper to recover and protect [the interest]." *Id.* Waller's receivership authority clearly extends to this lawsuit.

B

Defendants posit that Waller lacks capacity to sue. The court rejected this contention in a prior opinion in this case. *See Waller*, 2007 WL 3287328, at *1 (holding that, under Fed. R. Civ. P. 17(b)(2), capacity of receiver appointed by United States court to sue or be sued in a court of the United States is governed by 28 U.S.C. §§ 754 and 959(a), and that defendants had failed to demonstrate why Waller did not have capacity to sue under § 754 as a court-appointed receiver). Defendants have not persuaded the court that Waller lacks capacity to sue and, as it did in its prior

opinion, the court concludes that he does.[3]

C

Defendants assert that the Skiles LPA, to which Rhomi was a party, unambiguously granted Breen full discretion over the allocation of Skiles's expenses among the Skiles partners, and that he therefore had the right to allocate all expenses to Rhomi's $3 million capital account. Waller responds by pointing to § 5.2 of the Skiles LPA, which provides that Rhomi's capital account should only bear the first $525,000 of expenses, and that all expenses thereafter should be charged to the partners on a pro rata basis. *See* D. App. 162-63 (Skiles LPA); *id.* at 83 (Deposition of J. Robert Dobbins ("Dobbins")). Defendants have not filed a reply brief that addresses this contention.[4] Defendants argue in their motion that the conduct of Dobbins—the person who controlled Rhomi before Waller's appointment as receiver—supports their interpretation of the contract. While Waller disagrees with this argument, the court need not resolve it specifically in the context of this motion.

---

[3]Defendants assert that Rhomi ceased to exist when it failed to file certain reports with the Texas Secretary of State, and thus lost its capacity to sue in state court. The court is not persuaded, however, that Rhomi's status impacts Waller's capacity to sue in federal court. Moreover, Waller has demonstrated that Rhomi is considered to be "in existence" by the State of Texas and that it is in good standing after filing its most recent annual report. *See* P. App. 5 (certification of Texas Secretary of State).

[4]Waller filed his summary judgment response on April 29, 2008. Defendants' reply brief, if any, was due on May 14, 2008, *see* N.D. Tex. Civ. R. 7.1(f), but they did not file one.

Section 5.2 of the Skiles LPA is sufficient to preclude defendants from establishing at the summary judgment stage that Breen's conduct was authorized by the agreement. The court concludes that defendants are not entitled to summary judgment on this ground.

D

Defendants contend that their performance of the Skiles LPA was excused because Rhomi breached the agreement by attempting to transfer its partnership interest. Under Texas law, the defense of prior material breach is an affirmative defense. *See, e.g., Allen v. Am. Gen. Fin., Inc.*, ___ S.W.3d ___, 2007 WL 4180145, at *7 (Tex. App. 2007, pet. filed). Because defendants will bear the burden of proving this affirmative defense at trial, they must establish "'beyond peradventure all of the essential elements of the . . . defense.'" *Bank One, Tex., N.A. v. Prudential Ins. Co. of Am.*, 878 F. Supp. 943, 962 (N.D. Tex. 1995) (Fitzwater, J.) (quoting *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986)). The court has noted that the "beyond peradventure" standard is "heavy." *See, e.g., Cont'l Cas. Co. v. St. Paul Fire & Marine Ins. Co.*, 2007 WL 2403656, at *10 (N.D. Tex. Aug. 23, 2007) (Fitzwater, J.). One of these essential elements is that Rhomi's breach was material. *See Mustang Pipeline Co. v. Driver Pipeline Co.*, 134 S.W.3d 195, 198-99 (Tex. 2004) (noting that materiality is essential element, and enumerating factors to be considered in evaluating materiality). Defendants have not adduced

evidence that establishes beyond peradventure that Rhomi's breach, if any, was material. Accordingly, they are not entitled to summary judgment on this affirmative defense.[5]

* * *

For the foregoing reasons, defendants' March 18, 2008 motion for summary judgment, as amended on April 10, 2008 as a motion for partial summary judgment, is denied. Waller's April 29, 2008 objections are overruled as moot.

**SO ORDERED.**

June 12, 2008.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE

---

[5] Defendants maintain that, at the time Rhomi attempted to transfer its partnership interest, it had the right under the Skiles LPA to receive the funds that were in its capital account, and nothing more. Defendants neither suggest that Rhomi ever received these funds, nor do they explain how this assertion would warrant summary judgment on Waller's claims (which are based on defendants' alleged mis-allocation of those funds). The court therefore declines to grant summary judgment on this basis.